**PETERS, Plaintiff-Appellant, v. GRANT HOSPITAL, et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4108. Decided September 27, 1948.

Russ Bothwell, Columbus, for plaintiff-appellant.

Butler, Summer & Hoffman, Columbus, for defendants-appellees.

## OPINION

By THE COURT.

This is a law appeal from an order of the Court of Common Pleas sustaining a motion to quash the service upon one of the defendants.

The record discloses that George E. Peters filed an action against Grant Hospital and E. C. Pohlman alleging among other things that Grant Hospital is a corporation not for profit with its management vested in its board of trustees. Summons was issued for Grant Hospital, an alleged corporation, to be served by and through Hugh A. Baldwin as trustee and agent for said alleged corporation, and the Sheriff of Franklin County in making his return stated: "I served the within named Grant Hospital by serving Dr. Hugh Baldwin, Trustee and Agent for said Hospital, and E. C. Pohlman by personally handing to each of them a true and certified copy of this writ with all the endorsements thereon".

Thereafter, E. C. Pohlman, one of the defendants filed a motion to quash the service of summons on Dr. Hugh A. Baldwin, a Trustee and Agent for Grant Hospital, an alleged corporation, in support of the motion Dr. Baldwin filed an affidavit in which he stated: "* * * that he is the person upon whom service of summons was purported to be made herein as trustee and agent of Grant Hospital, but that he is not the trustee, agent or an officer of any corporation bearing the corporate name of Grant Hospital".

The only question involved herein is whether or not the service on Dr. Hugh A. Baldwin was valid. No counter affidavit has been filed controverting the affidavit of Dr. Baldwin and it therefore must be assumed to be true. **Sec. 11288 GC** provides:

"A summons against a corporation may be served upon the president, mayor, chairman or president of the board of directors or trustees, or other chief officer; or if its chief officer be not found in the county, upon its cashier, treasurer, secretary, clerk, or managing agent; or, if none of such officers can be found, by a copy left at the office or usual place of business of the corporation with the person having charge thereof. If such corporation is a railroad company, whether foreign or domestic, and whether the charter thereof prescribes the manner and place, or either, of service of process thereon, or, if it be a street railroad company, owning or operating a street railroad passing through two or more counties, or a transportation company owning or operating an electric traction road located upon either bank of any canal belonging to the state, the summons may be served upon any regular ticket or freight agent of such railroad company or street railroad company or transportation company; or, if there be no such agent, then upon any conductor in charge of any train or car upon such railroad or street railroad, or upon any motorman or other person in charge of any electric traction car, engine or motor upon any such electric traction road, in any county in this state, in which such railroad, street railroad, or electric traction road is located, or through which it passes. But, if the defendant is an incorporated river transportation company, whether organized under the laws of this or another state, the service of a summons may be upon the master, or other chief officer, or any of its steamboats or other craft, or upon any of its authorized ticket or freight agents, at any port where it transacts business."

In attempting to comply with this section service of summons was had upon Dr. Baldwin as trustee who, as a matter of fact, it not a trustee. Therefore, this section of the Code has not been complied with. Under such circumstances a motion to quash is the proper procedure. See **32 O. Jur., p. 509, Sec. 108.** The appellant is contending that the trial court had no right to entertain such a motion filed by a co-defendant, and for the additional reason that the Court passed upon the disputed question of fact which is an issue triable on the facts  As we view the proposition, there is no denial of the fact that Dr. Baldwin is not a trustee or agent of the Grant Hospital. Such being true there has been no compliance with §11288 GC, and the motion to quash was properly sustained.

Judgment is affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.